UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
JACKSONVILLE DIVISION

DESHAWN MACEO RICHARDSON,

      Petitioner,

v.

                              Case No.  3:22-cv-1376-BJD-SJH
                                      3:19-cr-163-BJD-SJH

UNITED STATES OF AMERICA,

      Respondent.

_____

## ORDER

## I. INTRODUCTION

Petitioner Deshawn Maceo Richardson, a federal inmate, is proceeding *pro se* on an Amended Motion to Vacate, Set Aside, or Correct Sentence Under 28 U.S.C. § 2255 (Civ. Doc. 3, Crim. Doc. 62; Pet. Mot.).[1] The Government opposes the Motion (Civ. Doc. 6; Gov't Resp.). Petitioner filed a Reply (Civ. Doc. 7; Pet. Reply).

---

[1] Citations to the record in the civil case will be denoted "Civ. Doc.," and citations to the record in the criminal case will be denoted "Crim. Doc." Page numbers are those assigned by the Court's electronic case management system.

Under § 2255 and Rule 8(a) of the Rules Governing § 2255 Proceedings,[2] and in accordance with Petitioner's request, *see* Pet. Mot. at 12, the Court has considered the need for an evidentiary hearing and determines that a hearing is unnecessary. *See Rosin v. United States*, 786 F.3d 873, 877 (11th Cir. 2015) ("The district court is not required to grant a petitioner an evidentiary hearing if the § 2255 motion 'and the files and records of the case conclusively show that the prisoner is entitled to no relief.'"); *see also Tejada v. Dugger*, 941 F.2d 1551, 1559 (11th Cir. 1991) (holding that a § 2255 movant is not entitled to a hearing "when his claims are merely conclusory allegations unsupported by specifics or contentions that in the face of the record are wholly incredible"). Thus, the Motion is ripe for review.

## II. BACKGROUND

In September 2019, Petitioner was indicted for distribution of methamphetamine in violation of 21 U.S.C. §§ 841(a)(1) and 841(b)(1)(C); distribution of methamphetamine and fentanyl in violation of 21 U.S.C. §§ 841(a)(1) and 841(b)(1)(C); and possession of a firearm by a felon in violation of 18 U.S.C. §§ 922(g)(1) and 924(a)(2). Crim. Doc. 1. Pursuant to a written agreement, Petitioner pleaded guilty to possession of a firearm by a felon.

---

[2] Rule 8(a) of the Rules Governing § 2255 Proceedings expressly requires the Court to review the record, including any transcripts and submitted materials to determine whether an evidentiary hearing is warranted before resolving a § 2255 motion.

Crim. Doc. 37. As part of the plea agreement, Petitioner stipulated that he had prior felony convictions for grand theft, sale of cocaine and heroin, and child abuse. *Id.* at 19. The Court accepted Petitioner's plea and adjudicated him guilty of possession of a firearm by a felon. Crim. Doc. 39.

With an offense level of 29 and a criminal history category of V, Petitioner faced a guidelines range of 120 months' imprisonment—at the time, the statutory maximum for possession of a firearm by a felon.[3] Crim. Doc. 47 at 21; 18 U.S.C. § 924(a)(2) (2021). On February 25, 2021, the Court sentenced Petitioner to 120 months' imprisonment, followed by three years of supervised release. Crim. Doc. 64 at 34. The drug distribution counts were dismissed on the Government's motion. *Id.* at 37-38. Judgment was entered the next day, and Petitioner did not file a direct appeal. Crim. Docs. 51, 53, 55.

Over a year later, on November 21, 2022, Petitioner filed his initial § 2255 Motion. Civ. Doc. 1. At the Court's direction, Petitioner filed an Amended § 2255 Motion on the standard form on December 27, 2022. Civ. Doc. 2; Pet. Mot. In Grounds One and Two, Petitioner argues that trial counsel was ineffective for failing to argue that his sentence exceeded the statutory maximum. Pet. Mot. at 4-5. In Ground Three, Petitioner contends that counsel

---

[3] "[I]n 2022, Congress amended § 924 and a violation of [the felon-in-possession statute] . . . now carries a statutory maximum of 15 years' imprisonment." *United States v. Smith*, No. 22-10028, 2024 WL 177988, at *1 n.1 (11th Cir. Jan. 17, 2024).

3

provided ineffective assistance by failing to raise a Second Amendment challenge to § 922(g)(1), the felon-in-possession statute. *Id.* at 6-7.

## III. DISCUSSION

The Government correctly argues that Petitioner's claims are "untimely and without merit." Gov't Resp. at 3.

### A. Timeliness

The Antiterrorism and Effective Death Penalty Act (AEDPA) imposes a one-year statute of limitations for § 2255 motions. 28 U.S.C. § 2255(f). As relevant here, the limitation period begins to run on "the date on which the judgment of conviction becomes final."[4] *Id.* § 2255(f)(1). In this case, judgment was entered on February 26, 2021, and Petitioner did not file a direct appeal. Crim. Docs. 51, 54, 55. As a result, his conviction became final 14 days later, on March 12, 2021, when the time for filing a direct appeal expired. *See Murphy v. United States,* 634 F.3d 1303, 1307 (11th Cir. 2011) ("[W]hen a defendant does not appeal his conviction or sentence, the judgment of conviction becomes final when the time for seeking that review expires."). Petitioner thus had until March 14, 2022, to seek relief under § 2255. He did not file his initial § 2255

---

[4] AEDPA imposes three alternative start dates—the date any unconstitutional government impediment to the petitioner's motion was removed; the date on which the right asserted was initially recognized by the Supreme Court; and the date on which the facts supporting the claim or claims could have been discovered through the exercise of due diligence. 28 U.S.C. § 2255(f). Petitioner does not argue that any alternative start date applies here.

Motion until November 21, 2022, more than eight months after the limitation period expired. Civ. Doc. 1 at 3. Therefore, his claims are untimely.

Petitioner does not dispute these calculations. Instead, he seeks to excuse his untimely filing on the ground that he is entitled to equitable tolling. Pet. Mot. at 10. AEDPA's statute of limitations "is subject to equitable tolling in appropriate cases." *Holland v. Florida*, 560 U.S. 631, 645 (2010). A petitioner is entitled to equitable tolling "only if he shows '(1) that he has been pursuing his rights diligently, and (2) that some extraordinary circumstance stood in his way' and prevented timely filing" of his § 2255 motion. *Id.* at 649 (quoting *Pace v. DiGuglielmo*, 544 U.S. 408, 418 (2005)). A petitioner must "show a causal connection between the alleged extraordinary circumstances and the late filing of the [motion]." *San Martin v. McNeil*, 633 F.3d 1257, 1267 (11th Cir. 2011).

Because this is a "difficult burden" to meet, the Eleventh Circuit "has rejected most claims for equitable tolling." *Diaz v. Sec'y for Dep't of Corr.*, 362 F.3d 698, 701 (11th Cir. 2004); *see also Johnson v. United States*, 340 F.3d 1219, 1226 (11th Cir. 2003) ("[E]quitable tolling applies only in truly extraordinary circumstances."); *Steed v. Head*, 219 F.3d 1298, 1300 (11th Cir. 2000) ("Equitable tolling is an extraordinary remedy which is typically applied sparingly."). "[T]he burden of proving circumstances that justify the application of the equitable tolling doctrine rests squarely on the petitioner,"

5

and "[m]ere conclusory allegations are insufficient to raise the issue of equitable tolling." *San Martin*, 633 F.3d at 1268.

To support his request for equitable tolling, Petitioner alleges that after his February 2021 sentencing, he "awaited transport by [the United States Marshals Service] to [FCI] Tallahassee then to [FCI] Jesup." Pet. Mot. at 10. Petitioner ultimately arrived at FCI Jesup on June 11, 2021. Crim. Doc. 60 at 2. In addition, Petitioner claims that "COVID protocols" resulted in occasional lockdowns at his facilities. Pet. Mot. at 10; *see also* Civ. Doc. 7 at 2. Lastly, Petitioner cites "many . . . law library closures for equipment repair, staff shortages, and being placed on dorm schedules with a waiting list." Pet. Mot. at 10.

These allegations are insufficient to warrant equitable tolling. Petitioner notes that he was transported between facilities after sentencing, but "routine" prison transfers are not "extraordinary circumstances." *Dodd v. United States*, 365 F.3d 1273, 1283 (11th Cir. 2004); *see also Hess v. Sec'y, Dep't of Corr.*, No. 16-14118-E, 2017 WL 6607169, at *3 (11th Cir. Oct. 18, 2017) ("[Petitioner's] transfer to Colorado prison, and his subsequent transfers between institutions, are not extraordinary circumstances."). Petitioner fails to show that his transfers were "anything other than routine," nor does he explain how they prevented him from timely seeking relief under § 2255. *Paulcin v. McDonough*,

6

259 F. App'x 211, 213 (11th Cir. 2007).[5]

Petitioner also cites law library closures and COVID-related lockdowns. Pet. Mot. at 10. Temporary lack of access to a law library is not an extraordinary circumstance warranting equitable tolling. *See Dodd*, 365 F.3d at 1283 ("[L]ockdowns and periods in which a prisoner is separated from his legal papers are not 'extraordinary circumstances' in which equitable tolling is appropriate."); *Moseley v. Butler*, No. 1:22-cv-157-KD-N, 2022 WL 18584503, at *4 (S.D. Ala. Dec. 13, 2022) ("[I]t is well-settled in this Circuit that lack of access to, or inadequacy of, a prison law library is not sufficient on its own to establish the extraordinary circumstances warranting equitable tolling." (collecting cases)), *adopted by* 2023 WL 1481456 (S.D. Ala. Feb. 2, 2023). Moreover, "lockdowns and similar limitations imposed because of the COVID-19 pandemic [are] not extraordinary circumstances which by themselves justify equitable tolling." *Powell v. United States*, No. 21-12432-J, 2022 WL 2811987, at *1 (11th Cir. Feb. 8, 2022).[6] In any event, Petitioner "fails to

---

[5] The Court does not rely on unpublished opinions as binding precedent; however, they may be cited when the Court finds them persuasive on a particular point. *See McNamara v. GEICO*, 30 F.4th 1055, 1060-61 (11th Cir. 2022); 11th Cir. R. 36-2 ("Unpublished opinions are not considered binding precedent, but they may be cited as persuasive authority.").

[6] *See also Driver v. Sec'y, Dep't of Corr.*, No. 23-11689, 2024 WL 2239126, at *1 (11th Cir. Mar. 1, 2024) ("[T]he 'shutdown' of the law library at [petitioner's] prison and his inability 'to get assistance [from] law clerks' during the COVID-19 pandemic were not 'extraordinary circumstances' warranting equitable tolling."); *Starling v. Warden*, No. 22-13849, 2023 WL 7013301, at *1 (11th Cir. May 10, 2023) ("[T]o the extent that [petitioner] cites his limited access to the law library due to the COVID-19 pandemic, under this Court's precedents,

explain how such impediments prevented the timely filing of [his § 2255 Motion]." *Lugo v. Sec'y, Fla. Dep't of Corr.*, 750 F.3d 1198, 1209 (11th Cir. 2014).

Thus, Petitioner's claims are untimely, and he fails to establish entitlement to equitable tolling.[7] For this reason alone, Petitioner's § 2255 Motion is due to be dismissed.

### B. Merits

Even if Petitioner's claims were timely, they would fail on the merits. First, Petitioner faults trial counsel for failing to argue that his sentence exceeded "the statutory maximum" for possession of a firearm by a felon. Pet. Mot. at 4-5. Petitioner was sentenced to 120 months' imprisonment, followed by three years of supervised release. Crim. Doc. 64 at 34. At the time, the statutory maximum term of imprisonment for possession of a firearm by a felon was 120 months. 18 U.S.C. § 924(a)(2) (2021). In addition, the authorized term of supervised release was "not more than three years." *Id.* §§ 3559(a)(3), 3583(b)(2) (2021). Petitioner argues that by imposing a three-year term of

---

lockdowns and similar limitations do not qualify as extraordinary circumstances to justify equitable tolling.").

[7] Petitioner does not qualify for the "miscarriage of justice" exception to the limitation period, because he has not shown that "a constitutional violation has probably resulted in the conviction of one who is actually innocent." *Lynn v. United States*, 365 F.3d 1225, 1234 (11th Cir. 2004).

supervised release, the Court "increased [his] sentence beyond the statutory maximum" of 120 months' imprisonment. Pet. Mot. at 4. According to Petitioner, counsel should have "object[ed]" to his allegedly "illegal sentence." *Id.*

Counsel was not deficient for failing to raise this meritless argument. *See Denson v. United States*, 804 F.3d 1339, 1342 (11th Cir. 2015) ("Failing to make a meritless objection does not constitute deficient performance."). "[I]t is a well-settled rule that a term of supervised release may be imposed *in addition to* the statutory maximum term of imprisonment." *United States v. English*, 589 F.3d 1373, 1376 (11th Cir. 2009) (emphasis in original). "This is because federal policy dictates that the term of a defendant's supervised release is an independent part of the defendant's sentence." *Id.* As noted above, Petitioner received three years of supervised release in addition to the statutory maximum of 120 months' imprisonment. Crim. Doc. 64 at 34. This sentence fell within statutory limits. *See United States v. Addison*, No. 22-10490, 2022 WL 1640689, at \*2 (11th Cir. May 24, 2022) (felon-in-possession defendant faced "maximum sentence" of "10 years of imprisonment . . . and 3 years of supervised release"). Thus, the three-year term of supervised release did not render Petitioner's sentence unlawful. *See United States v. Cenna*, 448 F.3d 1279, 1281 (11th Cir. 2006) (rejecting argument that "because [defendant]

9

was given her statutory maximum plus a term of supervised release, her sentence [was] in excess of the statutory maximum and therefore illegal"); *United States v. Work*, 409 F.3d 484, 489 (1st Cir. 2005) ("[T]he combined sentence of years of imprisonment plus years of supervised release may exceed the statutory maximum number of years of imprisonment authorized by the substantive statute applicable to the crime of conviction.").

Petitioner separately faults counsel for failing to raise a Second Amendment challenge to § 922(g)(1), the felon-in-possession statute. Pet. Mot. at 6-7. According to Petitioner, § 922(g)(1) violates the Second Amendment because it bars him from possessing a firearm "for [the] protection of his home and person." *Id.* at 6.

Counsel was not ineffective for failing to raise this argument. Over a decade before Petitioner was sentenced, the Eleventh Circuit held that § 922(g)(1) does not violate the Second Amendment. *See United States v. Rozier*, 598 F.3d 768, 771 (11th Cir. 2010) ("[S]tatutes disqualifying felons from possessing a firearm under any and all circumstances do not offend the Second Amendment."). That holding remains good law. *See United States v. Dubois*, 139 F.4th 887, 889 (11th Cir. 2025) (ruling that subsequent Supreme Court decisions did not "abrogate our holding in *Rozier* that [§] 922(g)(1) is constitutional under the Second Amendment"). Because binding precedent

foreclosed Petitioner's Second Amendment argument, counsel was not deficient for failing to raise it. *See Freeman v. Att'y Gen.*, 536 F.3d 1225, 1233 (11th Cir. 2008) ("A lawyer cannot be deficient for failing to raise a meritless claim . . . .").

## IV. CONCLUSION

Finding Petitioner's claims to be untimely and meritless, it is hereby **ORDERED**:

1.      Petitioner's Amended Motion (Civ. Doc. 3, Crim. Doc. 62) is **DISMISSED WITH PREJUDICE**.

2.      The **Clerk** is directed to enter judgment in favor of the United States and against Petitioner, terminate any pending motions as moot, and close the file.

3.      If Petitioner appeals this Order, **the Court denies a certificate of appealability**.[8] Because this Court has determined that a certificate of appealability is not warranted, the **Clerk** shall terminate from the pending

---

[8] This Court should issue a certificate of appealability only if a petitioner makes "a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2). To make this substantial showing, Petitioner "must demonstrate that reasonable jurists would find the district court's assessment of the constitutional claims debatable or wrong," *Tennard v. Dretke*, 542 U.S. 274, 282 (2004) (quoting *Slack v. McDaniel*, 529 U.S. 473, 484 (2000)), or that "the issues presented were 'adequate to deserve encouragement to proceed further,'" *Miller-El v. Cockrell*, 537 U.S. 322, 335-36 (2003) (quoting *Barefoot v. Estelle*, 463 U.S. 880, 893 n.4 (1983)). Upon due consideration, this Court will deny a certificate of appealability.

motions report any motion to proceed on appeal as a pauper that may be filed in this case. Such termination shall serve as a denial of the motion.

**DONE AND ORDERED** at Jacksonville, Florida, this 9th day of February 2026.

BRIAN J. DAVIS
United States District Judge

TpaP-2
c:
Deshawn Maceo Richardson
Counsel of Record